2013-71-46, Ms. Cates or Katz? Cates, Your Honor. Cates. Good morning. Good morning. Please proceed. May I please report, Samantha Cates from Annette Phelps and Phillips, New York City, on behalf of Appellant Mary A. Bruce. This is a simple appeal and it has been made even easier by a recent decision of this Court. The Veterans Court committed three errors of law. It misinterpreted prevailing law on 1. the Board's duty to discuss favorable evidence, 2. the Board's reliance on medical opinions, and 3. prejudicial error. Regarding the first issue, the Veterans Court improperly relied on a legal presumption set forth in Gonzales v. West and held that the Board is presumed to have reviewed all evidence in the record, including evidence favorable to the Veteran, despite the fact that the Board's decision made no mention of such evidence. Well, as you suggest, haven't we already held that it's not error for the Court not to mention every piece of evidence? Well, Your Honor, respectfully, this Court recently, in September, in Barad v. McDonald, held that the presumption isn't controlling and that it only applies where the record is complete and its application wouldn't thwart any other obligation. And here, the record's clearly not complete because over 10 years of Mr. Bruce's medical records are missing and application of the presumption would thwart the application of the reasons in Basie's mandate. But I don't think the record establishes that they're missing records, does it? The Board did acknowledge in its decision that there were records missing. Apologize, Your Honor. Sorry, I don't have the records, but I do believe that the Board acknowledged that there were records missing. That Mr. Bruce had shown, there had been knowledge of missing records, that he showed knowledge of missing records. Is it your claim that the missing records contain favorable information? It's possible. We don't know. We believe so. We believe that the records, it is our position that the missing records show that Mr. Bruce had been hospitalized for back conditions and had been treated for his back and neck conditions throughout his service. What's your problem here? Is it that the Board did not explicitly refer to every piece of evidence, or is it that the medical examiner did not consider or did not have the opportunity to consider favorable evidence because of the missing records? We have a few issues, Your Honor. First is that the Board failed to discuss all favorable evidence and that the Veterans Court relied on a legal presumption to presume that the Board just considered all favorable evidence, even though the Board is required, pursuant to the Reasons and Bases mandate, to consider and provide a statement of reasons and bases for its refusal to consider favorable evidence. Suppose we reject that. What do you have? Well, the Veterans Court expressly refused to consider one of Mr. Bruce's arguments, which is... No, but Judge Reyna was asking about the medical examiner's report. You would suggest that the failure of the medical report to discuss some of the evidence was an independent error, if I understand correctly. Yes, Your Honor. The medical examiner failed to discuss all favorable evidence that was favorable to Mr. Bruce, and the Board adopted that medical opinion as its own without discussing the evidence that was excluded, and the Board is not permitted to adopt a medical opinion that's incomplete as its own opinion. What case does that? That is Gabrielson, and it's supported by Abernathy, Stiefel, and Artisans. That an incomplete medical opinion cannot be adopted by the Board as its own opinion, where it fails to discuss all evidence favorable to the Veteran. Which tribune is Gabrielson from? The Veterans Court. The Court of Appeals for Veterans Claims. Which, of course, is not binding on us. Anything further? Yes, well, regarding this issue, but one of the issues is that the Veterans Court expressly refused to consider one of Mr. Bruce's arguments, which is error. Mr. Bruce argued before the Veterans Court that the Board had improperly found that Mr. Bruce is incompetent to testify as to nexus. The Veterans Court rejected that argument and refused to consider that argument, even though it remanded Mr. Bruce's HIP claims on the same grounds. Now, those are pretty much factual findings that you're asking us to take a look at, right? Well, no, Your Honor. It's not a factual finding. It relates to prejudicial error. The Veterans Court is required to take due account of prejudicial error, and here it didn't even determine whether there was error, let alone whether it was prejudicial, because it refused to consider an argument that the Secretary concedes was briefed by both parties. Where does the Secretary concede that? Well, the Secretary opposed the argument. And the Secretary doesn't concede by not denying that the Secretary briefed the argument. That's not the same thing. Conceding and not challenging are not the same thing. But the Secretary does not deny that it briefed the argument. The argument that the Veterans Court failed to consider contained in the exact same paragraph of Mr. Bruce's opening brief before the Veterans Court, and it addressed both his HIP claims and his back and neck claims. And the Veterans Court expressly refused to consider the argument with respect to Mr. Bruce's back and neck claims, although it remanded Mr. Bruce's HIP claims on the exact same argument. And that argument was opposed by the Secretary. Which the Secretary doesn't deny. The Secretary's argument is that the Veterans Court applied its own internal rules in order to refuse to consider that argument. Anything further? Well, Justice Rayner had asked whether or not this deals with an issue of fact. And even if it was found to address an issue of fact, in Dixon this Court held that the Court still has jurisdiction over whether or not the Veterans Court properly applied its own rules when it refused to consider its Rule 35 and refusing to grant an extension of time because an adoption, when the Court uses a particular legal standard. But there's a difference between the Court considering its own rules, how it applies its own procedural rules, with whether it's going to accept the adequacy of a medical opinion or not. Well, Your Honor, the medical opinion, the Board, the Secretary conceded jurisdiction on the medical opinion issue. The Secretary only objects to jurisdiction on the first issue of Mr. Bruce's discussion, whether or not the Veterans Court discussed favorable evidence. Whether we have jurisdiction or not doesn't depend on what the parties argue, whether they object to it or not or bring it up. We can review that question at any time. Well, Your Honor, we believe that the question of whether or not the Board, whether or not the Veterans Court properly adopted, whether the Board adopted a medical decision that doesn't contain all favorable evidence is a legal question that you don't need to address the facts of the case when deciding that question. If you have nothing further to say now, we'll save the remainder of your time for rebuttal. Thank you, Your Honor. Ms. Kidmiller. Thank you, and may it please the Court. This is not a case about missing records. Rather, Mr. Bruce's primary challenge on appeal is with the board. Did the Board say that there were missing records? No, Your Honor. The Board did not make any finding that there were missing records. The acknowledgment that counsel referred to is at page 129 of the record. The Board recognized that Mr. Bruce had asserted that some service treatment records were missing and provided lay evidence in support of that claim and indicated his actual knowledge of unavailable records. The Board then followed up in the same paragraph by saying that all attempts possible had been made to obtain the service treatment records. And at the next page, 130 of the record, the Board noted that the veteran and his representative had not made the RO or the Board aware of any additional evidence that needed to be obtained in order to fairly decide the appeal and have not argued that any error or deficiency in the duty to notify or duty to assist, which, of course, would be used to gather more records, had prejudiced him. Prior to this Board decision, the Board found that they again acknowledged Mr. Bruce's claim that records were missing and had remanded. There was a prior remand to obtain some additional service records. Some were associated with the file, and now this decision, referencing pages 129 and 130, the case is back before the Board. The Veterans Court did not discuss the issue of potentially missing records at all. It didn't make any findings, and neither did the Board. Instead, Mr. Bruce's primary argument on appeal is with the way that the medical examiner and the Board discussed record evidence, albeit for particular documents that weren't identified until the reply brief and, with one exception, aren't included in the joint appendix. This Court should affirm the Veterans Court's decision that the medical opinion did not need to discuss every piece of evidence in support of Mr. Bruce's claim, and the Court should decline to consider Mr. Bruce's remaining arguments for lack of jurisdiction. It's well established that the standard for adequacy of medical opinions does not require discussion of every single piece of evidence. The Gabrielson case that Mr. Bruce references today is a good example of how the rule actually pertains to discussion of material evidence. That is, medical examiners are supposed to discuss the material, relevant evidence, and even if they don't, the Board can still rely upon that medical opinion. It just has to explain what the effect of any failure to consider material evidence is. So in the Gabriel case, the Board relied upon a doctor's opinion that a veteran did not suffer from alcoholism, and that doctor had assumed that the veteran drank 5 to 6 ounces of alcohol per day. There was record evidence, however, that the veteran drank 16 to 24 ounces of alcohol per day every day for 15 to 30 years, and the Veterans Court said that's the kind of material evidence that you can't have the medical doctor overlook, and then the Board just simply adopts that opinion without discussing it. Also, the Board in this case, importantly, believed Mr. Bruce that he suffered from recurrent pain and noted in numerous places throughout its decision that he had recurrent pain, both in service and after service. It recognized that that pain had been continuing throughout the year and even that there were some records of chronic pain, but the Board's decision turned on the evidence that is in the record. As the Board put it, a significant amount of contemporaneous evidence, that is evidence from in service and immediately following service, that there was no chronic disorder during that critical time period of service and immediately thereafter. And that was the key to the Board's decision. So any claim that there might be some records out there, a gap later in time that may or may not show that he continued to suffer from this back pain, doesn't really have any effect on the Board's holding. Last but not least, turning to the argument regarding application of the Veterans Rule 28, as explained in our brief, reviewing this argument would require this Court to review the Veterans Court's application of its own rules to the facts of this case. The Dixon decision that counsel references is distinguishable. In that case, the issue was the Veterans Court applying an absolute prohibition against the use of any new evidence with a motion for reconsideration. So that particular issue was much more akin to an issue of interpretation of the Veterans Court's own rules or the legal standard itself, whether there could be an absolute prohibition on the use of that kind of evidence. And then finally, the VA in its response brief before the Veterans Court on this issue pointed out an important distinction to the Veterans Court. Mr. Bruce asserted that before the Veterans Court, as before this Court, that there was exactly the same error regarding the discussion of competency of lay testimony. In the response, VA explained and pointed out that the Board rejected Mr. Bruce's lay testimony with respect to his spinal problems on a credibility basis as well. And, of course, lay testimony has to be competent and credible. And the credibility issue was a completely separate basis that was not challenged. And for that reason, the Veterans Court should have affirmed, and that is correct. And so for these reasons, we'd ask the Court to affirm the decision below. Thank you, Ms. Kidnell. Ms. Cates has a little rebuttal time if she chooses to use it. Thank you, Your Honor. Regarding the reference in the record about whether or not Mr. Bruce provided Mr. Bruce's records had favorable and whether or not the Board acknowledged that Mr. Bruce had missing records, on page A128 of the record, in the Board's decision, the Board stated, in the present case, the Veteran has asserted that some treatment records may be missing. In numerous statements, including August 2009, and has provided lay evidence in support of his claim, indicating actual knowledge of unavailable records and his ability to submit other evidence to support his claim. So the Board did acknowledge that there were records missing and that Mr. Bruce had shown actual knowledge of missing records. So it is, we respectfully submit that it is in the record that Well, I don't see that that's a finding that there are missing records. It says that may be missing. But what may be missing is not, they are not missing, respectfully. And with respect to with respect to the application of Rule 28, the Secretary argues that the Board the Board made a decision regarding credibility and so the competency issue, there's no harm as a result of its failure to consider the competency argument, Mr. Bruce's competency argument, but you can't, if the Board outright refused, or the Veterans Court outright refused to consider Mr. Bruce's argument regarding competency, and the Board also decided as an outright bar that his testimony was incompetent to establish nexus. So whether or not it was credible is a separate issue. If the Board had already refused to consider the evidence as incompetent, whether or not it's credible doesn't really matter because it wouldn't have been credible or not. The Board already found that it wasn't competent. And as another matter, you had asked whether or not, I had said that it was conceded, that the Secretary conceded that the argument had been briefed by both sides, but it's not a matter of a concession. The Secretary doesn't need to concede that the argument was briefed by both sides. They didn't dispute it. There's really nothing to dispute it. It's in their brief. It was in the argument regarding Mr. Bruce's lay testimony. It was in Mr. Bruce's brief. It was opposed by the government. And then it was addressed in Mr. Bruce's reply brief. And the Veterans Court simply refused to consider it. And essentially what the Secretary is asking is for this Court to institute a policy that the Veterans Court's refusal to consider an argument that was briefed by both parties can't be challenged on appeal. And that's an extremely dangerous precedent to set. Thank you. Thank you, Ms. Gates. If there's nothing further, we'll take the case under advisement. Thank you.